I concur in the main opinion's rejection, on the authority of Marsh v.Wenzel, 732 So.2d 985 (Ala. 1998), of Dr. Woodward's defense grounded upon the rule of repose set forth in § 6-5-482, Ala. Code 1975. I also concur in the main opinion's rejection of Dr. Woodward's contention that Oliver failed to use due diligence in ascertaining his identity and that, therefore, the amendment to the complaint adding him as a defendant should not relate back to the original date of filing. I concur specially to address further Dr. Woodward's contentions regarding the rule of repose and Oliver's alleged lack of due diligence.
Dr. Woodward contends that the amendment to the complaint adding him as a defendant should not relate back to the *Page 700 
original date of filing because Oliver was allegedly unable to demonstrate the requisite ignorance of identity before the expiration of the limitations period, as required by Rule 9(h), Ala.R.Civ.P. This Court in Marsh v. Wenzel, 732 So.2d at 989, defined ignorance of identity in terms of "ignorance of the existence of a relationship that could give rise to a duty." In Wenzel, only one pathologist was involved in the treatment of the plaintiff, and his name appeared on the records generated as of the time of treatment. Here, the identity of the emergency-room physician who read Oliver's X-ray and verified placement of the central venous catheter was unclear when the action was filed. Applying the rule in Wenzel, I conclude that Oliver did not have sufficient knowledge of the existence of a legal relationship that could give rise to a duty to her, and her amendment should not be denied the benefit of relation back to the filing of the complaint on the basis that she lacked the requisite ignorance of identity.
With respect to Woodward's claim that Oliver did not exercise due diligence in amending her complaint, this Court observed in Wenzel, in the context of whether to use a defendant's real name or to use fictitious parties in filing a lawsuit:
 "Counsel's obligation to act in good faith and to act consistently with high ethical standards requires that counsel strike a balance between, on the one hand, the obligation to present, within the period of limitations, the full range of claims essential to protect the interests of a plaintiff, and, on the other hand, the competing obligation to refrain from bringing groundless or frivolous claims."
732 So.2d at 990. The same policy considerations ought to govern amendments pursuant to Rule 9(h), substituting a named party for one sued only by a fictitious name. I therefore cannot fault Oliver for failing to sue both Dr. Pepper and Dr. Woodward immediately upon learning that they were the emergency-room doctors, when only one of them could have been involved in the legal relationship giving rise to the breach of duty alleged in the initial complaint. Such an amendment at that stage of the proceedings would have been wholly groundless as to one of them.